**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH SPANN,**

        **Plaintiff,**

**v.**                                             **Case No.  8:09-cv-1832-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.  The Plaintiff urges that her case be reversed and remanded for further consideration because the ALJ erred in concluding she had no severe impairment, and failed to fairly address her credibility and her obesity.  For the reasons set out herein, the decision is affirmed.

A.

Plaintiff was sixty years of age at the time of her administrative hearing in February 2006.  Plaintiff has a college education with a degree in computer science.  She stands 5 feet, 4 inches tall and weighed 282 pounds.  Her past relevant work was as an information specialist and clerk for the Federal Reserve Bank.  Plaintiff applied for disability benefits in April 2006 alleging disability as of February 8, 2006, by reason of bilateral pulmonary embolism, high blood pressure, blood clots, sleep apnea, diabetes, memory problems, swollen

feet and legs, achy hands, shortness of breath, and fatigue.  The Plaintiff's application was denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on March 4, 2008.  Plaintiff, who was represented at the hearing, testified that she would have difficulty working because she cannot sit or stand for long periods of time.  Her back hurts if she sits or stands too long and her leg goes numb if she stands too long.  She has to lean on something for support.  She believed she could sit for two hours but then would have to get up and move about.  If she was rehired for her job as an information specialist answering telephones at ICT, she thought she might be able to perform that work but she could not return to work at the Federal Reserve.  Plaintiff indicated that her weight did not interfere with her former work.

Plaintiff also claimed memory problems, trouble concentrating, and headaches that usually require her to lay down for about an hour.  She also has diabetes and a blood clot; she presently takes Byetta and Coumadin for these ailments.  Her blood pressure is up and down.  Her feet and ankles swell.  She gets short of breath if she walks too far.  Plaintiff testified she suffers from frequent fatigue and sleep apnea.  She uses a CPAP machine at night but is still really tired a couple of hours during the day and she has to lay down and nap.  She gets headaches and rubs Icy-Hot on her temples for relief.  She has had problems with her strength in her right hand.  She also has trouble concentrating and with her memory and has to write things down.

Doctors have told her to avoid strenuous exercise, bending and long walks.  Plaintiff lives alone and does her own housework, cooking and shopping, and personal care.  She

2

drives her brother's car.  She goes to the senior center, about a five-minute drive away, to play cards and socialize.  (R. 535-56).

On May 8, 2008, the ALJ determined that while Plaintiff suffered from diabetes mellitus, hypertension, obesity, and history of pulmonary embolism, none of the impairments were severe in contemplation of the Act and accordingly, Plaintiff was not disabled.  (R. 20-26).  The Appeals Council denied Plaintiff's request for review.

## B.

Consideration of the Plaintiff's claims is governed by certain principles.  In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate

3

that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

## C.

Plaintiff complains that the ALJ's determination that she did not suffer a severe impairment or combination of impairments is not supported by substantial evidence as he

4

failed to address a number of conditions as well as her obesity. While the ALJ found evidence of four medically determinable impairments: diabetes mellitus, hypertension, obesity, and history of pulmonary embolism, he failed to recognize or address other diagnoses such as gastro-intestinal bleeding, status post capsuloscopy, small bowel atriovenous malformation, hyperlipidemia, osteoporosis, GERD, and chronic lymphocytic leukemia (CLL). She urges that these conditions, particularly the CLL and her obesity, could contribute to her symptoms, and at a minimum, the ALJ should have made reference to them in the decision. She also disagrees with various statements by the ALJ discounting her credibility. (Doc. 20).

In response, the Commissioner argues that substantial evidence supports the conclusion that Plaintiff did not suffer severe impairments. He urges that while Plaintiff claimed disability by reason of bilateral pulmonary embolism, high blood pressure, blood clots, sleep apnea, memory problems, swollen feet and legs, achy hands, shortness of breath, and fatigue, she now claims a number of other conditions which the medical record reveals do not give rise to significant symptoms or limitations. In short, the Commissioner urges the decision of the ALJ is wholly supported. (Doc. 21).

I have carefully reviewed the medical and other evidence of record. Essentially for the reasons set forth by the Commissioner, Plaintiff does not demonstrate either that the ALJ erred in his step two finding despite the low threshold of proof required at this step nor in his assessment of the subjective testimony.

The Social Security Regulations set forth a five-step sequential evaluation process the Commissioner must follow in determining whether a claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(1), 416.920(a)(1).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004).  Step one requires the claimant to demonstrate that he is not presently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  At step two, the claimant must show that he has a medically severe impairment or combination of impairments.  *Id.* at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Here, the ALJ decided the claim at this step concluding from the medical record that Plaintiff did not suffer severe impairments and that her subjective claims too were unsupported.[1]  The Act and pertinent case law also require that the ALJ consider each impairment, as well as the combined effect of all a claimant's impairments.  42 U.S.C. § 423(d)(2)(B); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).  In *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984), the court held that where a claimant has alleged a multitude of impairments, a claim for benefits may lie even

---

[1]Under the regulation, if the claimant does not have an impairment or combination of impairments which significantly limits her ability to do basic work activities, then she is not disabled.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)).  Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment.  *Id.*  In application, this inquiry is a "threshold" inquiry.  It allows only claims based on the slightest abnormality to be rejected. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).  An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.  *Id.*  To satisfy step two, a "[c]laimant need show only that her impairment is not so slight and its effect not so minimal."  *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

6

though none of the impairments, when considered individually, is disabling.  In such instances, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and whether the combined impairments cause the claimant to be disabled.  *Id.* at 635; *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

Here, the ALJ found that Plaintiff, while suffering from a number of conditions, nonetheless had no impairment or combination of impairments that significantly limited or were expected to significantly limit her ability to perform basic work activities for 12 consecutive months.  While the burden on the claimant at step two is a low one, Plaintiff fails to make the necessary showing that her conditions had more than minor affect on her ability to perform basic work activities.  Furthermore, upon my review of the whole of the record, the fact that the ALJ may not have identified certain alleged impairments or diagnosed conditions does not alter the conclusion.

As for the conditions identified by the ALJ, I find that the records on the whole demonstrate that Plaintiff's diabetes mellitus and her hypertension were generally well controlled by treatment.  The record reveals that Plaintiff had significant trouble for a short period of time with pulmonary embolism, but the condition stabilized and was being treated successfully with medication.  There is no showing that such condition would satisfy the durational considerations under the regulations.  As discussed below, Plaintiff is simply wrong that obesity was not considered.

Of the six additional "impairments" identified by Plaintiff, she makes no showing that any of them would limit her ability to perform basic work activities.  The potentially most

serious of these conditions, chronic lymphocytic leukemia, was at an early stage, asymptomatic, and not the subject of a treatment recommendation. *See e.g.* (R. 508, 513, 515). On this record, the ALJ could appropriately conclude the condition was not severe. And, as the Commissioner notes, case law dictates that "the mere existence of [impairments] does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).

Additionally, contrary to the Plaintiff's contention that the ALJ ignored her obesity, the condition is expressly identified as one of her impairments. By Plaintiff's own testimony, her weight had not interfered with her former work. And, even if, as she suggests, the ALJ put too "rosy" a read on this testimony, Plaintiff does not demonstrate that the condition was not fairly considered and assessed along with the other impairments. As the decision reflects, certain of the symptoms arguably associated with or aggravated by Plaintiff's weight, such as her need to lean on something when standing or ambulating, simply were not borne out by the medical record.

I also conclude that the decision reflects that the ALJ considered the impairments in combination as well. *See* (R. 22). Thus, the finding that Plaintiff did not have "an impairment or combination of impairments that has significantly limited [ ] her ability to perform basic work activities for 12 consecutive months," reflects such consideration. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing *Wheeler v. Heckler*, 784 F.2d 1073 (11th Cir. 1986)).

8

Insofar as the Plaintiff finds fault with the ALJ's credibility finding, the decision reflects that in general terms the ALJ discounted Plaintiff's subjective testimony on findings that such was not supported by or was contradicted by the medical record, was inconsistent with reports of record, and inconsistent with Plaintiff's daily activities and capacity. Again, upon my consideration of the whole of the record, I find the conclusion supported by substantial evidence. At the outset, it is not insignificant to her claim of disabling impairments and limitations that Plaintiff herself believed that she was capable of returning to and performing her former work at ICT if given the chance. (R. 539-41). Concerning the findings regarding her history of pulmonary embolism and the reports from Dr. Charles Clagett, the findings are supported by a review of those records. In February 2006, Dr. Clagett treated Plaintiff upon an admission to the Winter Haven Hospital. Upon her discharge about one week later, the doctor advised her to resume activities as in the hospital without any particular restrictions and to advance her activities as tolerated. (R. 158). In a follow-up report on February 24, 2006, the doctor noted there were no pertinent health maintenance issues to address with the patient. Plaintiff was also requesting an excuse from work. (R. 215). In March 2006, Dr. Clagett wrote that Plaintiff was advised not to work at that time, to walk for only short distances but to increase walking as tolerated, and not to sit or stand excessively. (R. 213). However, as the ALJ noted, there was no recurrence of pulmonary embolism and no record of later or further limitations by this doctor or any other at the Gessler Clinic. (R. 176-225). Plaintiff's speculation about matters such as her health maintenance schedule and the import of her Coumadin regimen is not backed up in the record. On the

contrary, the Coumadin regimen appears from the record to have worked quite well. Additionally, the ALJ's statement that no doctor had restricted Plaintiff from strenuous work, bending and long walks appears accurate even if Plaintiff understood otherwise.

As for the conclusion that Plaintiff's hypertension and diabetes were controlled by medications, a review of the whole of the records supports these conclusions. For example, there are repeated notations that such conditions were "stable" in the Gessler Clinic's reports. While criticizing the ALJ for discounting her complaints of swelling in her hands and feet and shortness of breath and fatigue, Plaintiff does not demonstrate from the record that such conclusions were incorrect.  While there were complaints of shortness of breath in connection with the pulmonary embolism (R. 157-70), and a later bout of pneumonia, that condition cleared quickly.

As for her claim of impaired memory, such was discounted because there was no evidence of any mental impairment.  If such forgetfulness existed, it was temporally related to a medication, not any impairment.  Finally, the ALJ's consideration of Plaintiff's daily activities and her capacity to drive was but one of numerous considerations offered by the ALJ in discounting Plaintiff's subjective testimony and, in my view, not an inappropriate consideration in light of what Plaintiff claimed to do regularly.

D.

In sum, while Plaintiff's medical history reflects care for a number of conditions, it also supports the conclusion that none were severe in contemplation of the Act.  By her candid admission, she could return to at least one of her former jobs if afforded the chance to do so.

10

Thus, I am obliged to conclude that the decision of the Commissioner of the United States

Social Security Administration is both in accordance with the correct legal standards and is

otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the

Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

      **Done and Ordered** at Tampa, Florida, this 22nd day of September 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

11